UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62241-CIV-ROSENBAUM

BIZHAN TAJALLI,

    Plaintiff,
vs.

WAL-MART STORES, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

This cause is before the Court upon the Defendant Wal-Mart Stores, Inc.'s Motion to Dismiss, or in the Alternative, Motion for a More Definitive Statement [D.E. 6]. For the reasons set forth below, the Court dismisses Plaintiff's Complaint without prejudice and orders Plaintiff to file an amended complaint.

On July 25, 2013, Plaintiff Bizhan Tajalli filed a Complaint in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. D.E. 1-3 at 6-8. The Complaint alleges that Plaintiff was discriminated against by his employer, Defendant Wal-Mart Stores, Inc.,[1] because of his age and a handicap caused by his intestinal surgery. *Id.* ¶¶ 13, 17, 20. Defendant removed the matter to this Court and filed its Motion to Dismiss, describing the Complaint as a "shotgun pleading" that does not frame its claims with sufficient clarity for Defendant to be able to properly respond. D.E. 6.

Plaintiff did not respond to the Motion to Dismiss by the required deadline, *see* S.D. Fla. L.R.

---

[1] Defendant's Motion to Dismiss asserts that Plaintiff improperly identified Wal-Mart Stores, Inc., as the defendant in this matter. D.E. 6 at 1 n.1. Defendant claims that the appropriate defendant is Wal-Mart Stores East, L.P., the entity that operates the store that employed Plaintiff. *Id.*

7.1(c), and the Court issued an Order requiring Plaintiff to show cause by November 18, 2013, why the Court should not grant the Motion to Dismiss. D.E. 9. The Court noted that a failure to timely respond may result in the granting of the Motion. *Id.*

Plaintiff responded to the Order to Show Cause on November 18, 2013, asserting that because Defendant never conferred with Plaintiff prior to the filing of its Motion to Dismiss, Plaintiff was not required to respond to the Motion. D.E. 10. Plaintiff requested that Defendant's Motion be stricken or amended prior to Plaintiff's requirement to respond. *Id.*

Plaintiff's assertions are meritless. Plaintiff contends that Local Rule 7.1(a)(3) required Defendant's counsel to confer with Plaintiff's counsel prior to the filing of the Motion to Dismiss. D.E. 10. But that Rule states,

> Prior to filing any motion in a civil case, *except a motion . . . to dismiss for failure to state a claim upon which relief may be granted* . . . counsel for the movant shall confer (orally or in writing), or make reasonable efforts to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion.

S.D. Fla L.R. 7.1(a)(3) (emphasis added). The clear language of the Rule exempts motions to dismiss from the pre-filing conference requirement. Defendant was not required to confer with Plaintiff about the issues raised in the Motion to Dismiss prior to filing the Motion.

Moreover, even assuming Plaintiff did have a valid claim that Defendant's filing failed to satisfy a procedural rule, such a claim does not absolve Plaintiff of the requirement to respond to the Motion. The proper course of action would have been for Plaintiff to file a response that raised his objections to the Motion, rather than remain quiet and assume that the Court would somehow divine his unvoiced objections.

Turning to the merits of Defendant's Motion to Dismiss itself, the Court agrees that Plaintiff's Complaint is a shotgun pleading that fails to identify Plaintiff's claims with sufficient clarity. "Shotgun" pleadings have been "roundly, repeatedly, and consistently condemn[ed]" by the Eleventh Circuit. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008); *see Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n.22 (11th Cir. 2010) (Tjoflat, J., concurring in part and dissenting in part). The Eleventh Circuit labels a complaint as a shotgun pleading when it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). A pleading drafted in this manner "is in no sense the 'short and plain statement of the claim' required by Rule 8[(a)(2), Fed. R. Civ. P.]," and "completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam).

Plaintiff's Complaint fails to plead discrete claims in separate counts. The Complaint notes that the action is "filed under the Florida Civil Rights Act," Fla Stat. §§ 760.01-11, but also references the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12165, and Florida's Whistleblower Act, Fla Stat. § 448.101-105. D.E. 1-3 at 6-7, ¶¶ 2, 8, 15. Plaintiff also seemingly asserts various legal theories in the Complaint, such as hostile work environment, harassment, discrimination, and disparate treatment. *Id.* ¶¶ 10, 13, 14, 20. But Plaintiff does not organize these allegations into separate counts that provide notice to Defendant of which statutory provisions Plaintiff alleges that Defendant violated, and under which legal theories these violations occurred. Defendant cannot reasonably respond to Plaintiff's Complaint when the Complaint does not clearly organize its claims.

When faced with a shotgun complaint, the Eleventh Circuit encourages defendants to first make motions for more definite statements or, failing that, the district court should *sua sponte* demand repleader. *Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 603 (11th Cir. 2008) (citing *Anderson*, 77 F.3d at 367 & n.5; and *Davis*, 516 F.3d at 983-984). Dismissal, and possibly sanctions, are warranted under certain circumstances only if the party then fails to revise the shotgun complaint. *Bailey*, 288 F. App'x at 603 (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001)). Defendant's Motion appropriately moves in the alternative for a more definitive statement under Rule 12(e), Fed. R. Civ. P. *See* D.E. 6 at 1.

Accordingly, it is **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss, or in the Alternative, Motion for a More Definitive Statement [D.E. 6] is **GRANTED.** Plaintiff's Complaint [D.E. 1-3 at 6-8] is dismissed without prejudice. Plaintiff shall file an amended complaint on or before **December 3, 2013.** Failure to timely file the amended complaint may result in the dismissal of this action with prejudice and the imposition of sanctions.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 19th day of November 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies furnished to:
The Honorable Patrick M. Hunt
Counsel of record